PER CURIAM.
Alcoa filed an action for declaratory judgment asking for a construction of Title 51, § 787(e), Code of Alabama Recompiled 1958, now § 40-23-60(5), Code of Alabama 1975, that would require the State Department of Revenue to refund $35,104.28 in taxes previously paid under that statute. The facts were stipulated and, after submission, the trial court entered its judgment ordering the Revenue Department to refund the amount paid plus interest. In its order, the trial court held that “. the sale by [taxpayer] of modular, housing units to the Mitchell Company of the Southeast in Mobile, Alabama, at a price of $877,607.71 was a retail sale, as defined in Alabama Code 1975 Sec. 40-23-60(5) (supra) and therefore not subject to the tax . . . .” The Revenue Department appealed. The facts are:
Alcoa constructed 208 modular units at its plant in Tyronne, Pennsylvania, for sale to the Mitchell Company of the Southeast in Mobile, Alabama. These units consisted of two separate models, one with two rooms, a kitchen and bath; the other with two and a half rooms, a kitchen and bath and a half. The unit with one bath was *19 used in a two bedroom apartment; the bath and a half unit was used in a three bedroom apartment. Each unit has walls, floors, ceilings, storage rooms, closets, cabinets, wiring, plumbing and ventilating system, hot water heaters, heating and air conditioning equipment and other items.
These modular units were shipped to the job site in Mobile where they were set in place by Mitchell and ultimately became part of the realty. The remaining rooms, living rooms, dining rooms, bedrooms, etc. were completed in a conventional manner using other conventional building materials to make a complete apartment project. The units are modular units and, as such, are inspected and approved by the Alabama Development Office as being manufactured in accordance with local building requirements within standards established by the Southern Building Codes Congress, etc.
The cost of the units to the purchaser was $877,607.71 and the tax was paid on that amount. Sales tax was paid on the cost of materials used in the conventional construction.
The Revenue Department contends that tax was properly collected on the sale of the modular units. The taxpayer disagrees. The controversy centers on the construction of Act No. 2397, Acts of Alabama 1971, Vol. V, page 3828, now § 40-23-60(5), Code of Alabama 1975. The Act, in pertinent part, is as follows:
“To amend Title 51, section 787(e), as amended, Code of Alabama 1940, so as to make the sale of building materials, fixtures, or other equipment to a manufacturer or builder of modular buildings for use in manufacturing, building or equipping a modular building ultimately becoming a part of real estate situated in Alabama a sale at retail.

“Be It Enacted by the Legislature of Alabama:

“Section 1. Title 51, section 787(e), as amended, Code of Alabama 1940, is hereby further amended to read as follows:
“Section 787(e). The term ‘sale at retail’ or ‘retail sale’ shall mean all sales of tangible personal property except those above defined as wholesale sales. The quantities of goods sold or prices at which sold are immaterial in determining whether or not a sale is at retail. Sales of building materials to contractors, builders, or landowners for resale or use in the form of real estate are retail sales in whatever quantity sold. Sales of building materials, fixtures or other equipment to a manufacturer or builder of modular buildings for use in manufacturing, building or equipping a modular building ultimately becoming a part of real estate situated in the State of Alabama are retail sales, and the use, sale or resale of such building shall not be subject to the tax. . . . ”
The taxpayer contends that this Act does not require tax to be paid on the modular housing part of the materials which went into the construction of the apartment complex. It concedes that tax is due on all conventional building materials.
Although the Act is not a model of clarity, it seems to us that, insofar as modular building is concerned, it was designed to make the sale of materials going into the construction of such buildings subject to the tax and to exempt the sale of the building itself from the sales tax. This construction would have the effect of placing modular building components on a par with conventional building materials, i. e., making the sale of all building materials, modular or otherwise, sales at retail. The alternative would be to treat the sale of such component parts as wholesale sales under § 40-23-l(a)(9)(a) and tax the sale of the ultimate product. We think this is what the legislature sought to avoid by saying:
“. . . Sales of building materials, fixtures or other equipment to a manufacturer or builder of modular buildings for use in manufacturing, building or equipping a modular building ultimately becoming a part of real estate situated in the State of Alabama are retail sales, and the use, sale or resale of such building shall not be subject to the tax. . . . ” (Emphasis Added) (Act 2397, supra)
*20 The trial court found that the sale of the modular housing units by the taxpayer to the builder was a retail sale, but was not subject to the tax. We agree that it was a retail sale, but cannot agree that it was not subject to the tax under the provisions of § 40-23-60(5). The judgment appealed from is, therefore, reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.